**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUF NORTH AMERICA AUTOMOTIVE PARTS MANUFACTURING, CORP. and HUF HÜLSBECK & FURST GMBH & CO. KG,<br><br>Defendants. | C.A. No. _______________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone" or "Plaintiff") brings this action for patent infringement against Defendants Huf North America Automotive Parts Manufacturing, Corporation and Huf Hülsbeck & Furst GmbH & Company (collectively "Huf" or "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1. This is an action for infringement under the patent laws of the United States, Title 35 of the United States Code. Bridgestone seeks remedies for Defendants' infringement of U.S. Patent Nos. 6,630,885 (the "'885 patent") and 7,161,476 (the "'476 patent") (collectively, "the Asserted Patents") under 35 U.S.C. § 271(a) and (c).

## PARTIES

2. Plaintiff Bridgestone is a limited liability company organized and existing under the laws of the state of Delaware with a principal place of business at 535 Marriott Drive, Nashville, Tennessee 37214.

3. Upon information and belief, Defendant Huf North America Automotive Parts Manufacturing, Corporation ("Huf North America") is a corporation organized and existing under the laws of the state of Wisconsin with a principal place of business at 9020 West Dean Road, Milwaukee, Wisconsin 53224.

4. Upon information and belief, Defendant Huf Hülsbeck & Furst GmbH & Co. KG ("Huf GmBH") is a corporation organized and existing under the laws of Germany with a principal place of business at Steegerstr. 17, Velbert, North Rhine-Westphalia 42551, Germany. Defendant Huf North America is the North American arm of Huf GmBH and is, upon information and belief, a wholly-owned subsidiary of Huf GmBH.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, et seq. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) at least because this Court has personal jurisdiction over the Defendants.

7. This Court has personal jurisdiction over Defendants by virtue of their, *inter alia*, (i) committing at least a portion of the infringements alleged herein within this district; and (ii) regularly doing business or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

8. Additionally and alternatively, to the extent Defendant Huf GmbH is not subject to the jurisdiction of the courts of general jurisdiction of the State of Delaware, Defendant Huf GmbH is likewise not subject to the jurisdiction of the courts of general jurisdiction of any state, and accordingly is amenable to service of process based on its aggregate contacts with the United States,

including but not limited to the above described contacts, as authorized by Federal Rule of Civil Procedure 4(k)(2).

## BACKGROUND

9. Upon information and belief, Defendants conduct substantial business in this District and have committed and continue to commit acts of infringement in this District.

10. Defendants' infringing products include original equipment (OE) tire pressure monitoring system (TPMS) sensors for numerous different vehicle makes and models; replacement sensors for OE TPMS sensors; the IntelliSens product, which is a universal TPMS sensor that can be configured to replace OE TPMS sensors; and TPMS diagnostic tools that are used to scan, configure and/or activate TPMS sensors (collectively referred to as "Accused Products").

11. Upon information and belief, Defendants transact business in the District of Delaware, including the importation, sale, and offering for sale of products manufactured or distributed by Defendants. Those products include, but are not limited to, Defendants' Accused Products.

12. Upon information and belief, Defendants' Accused Products are sold in both the automotive OE market and the automotive aftermarket. Defendants instruct their customers in both the automotive OE TPMS sensor market and the aftermarket sensor market on how to install and/or configure the Accused Products as well as on how to use the Accused Products in vehicle tires, by at least training installers and providing installers with detailed product and technical information. For example, as of the date this Complaint was filed, Defendants have made available a three-part video training series on YouTube for their IntelliSens product ("Huf Training Video") that is available at https://www.youtube.com/watch?v=kC31FvaPAD4; https://www.youtube.com/watch?v=KOOUb_NCya0; and

https://www.youtube.com/watch?v=FnKofX-krmc. Part 1 of the video, entitled TPMS Diagnostics, purports to show installers and customers how to: "[c]heck[] the TPMS status; "[d]etermin[e] the tire pressure"; "[c]heck[] the TPMS warning light"; and "[f]ill out the initial inspection report." Part 2 of the video purports to show installers and customers how to "[c]onfigur[e] the Huf IntelliSens Universal Sensor." Part 3 of the video purports to show installers and customers how to "[i]nstall[] the Huf IntelliSens Universal Sensor."

**PATENTS-IN-SUIT**

13. The '885 patent, titled "Electronic Tire Management System," issued on October 7, 2003. A copy of the '885 patent is attached hereto as Exhibit 1.

14. The '476 patent, titled "Electronic Tire Management System," issued on January 9, 2007. A copy of the '476 patent is attached hereto as Exhibit 2.

15. The Asserted Patents have been assigned to Bridgestone, and Bridgestone is the owner of all right, title, and interest in and to those patents, including the right to sue, enforce, and recover all damages, past and future, for all infringements.

16. Bridgestone has incurred substantial effort and expenses to develop the technologies leading to the Asserted Patents.

17. Each of the Asserted Patents have been published and publicly accessible at least since their issue date.

18. On information and belief, Defendants had actual knowledge of the Asserted Patents or acted with willful blindness as to their existence at least since July 8, 2016 when Defendants received a letter Bridgestone sent identifying the Asserted Patents, and explaining why Bridgestone believed that Defendants infringed certain claims of the Asserted Patents.

## COUNT I

19. The allegations of each of the proceeding paragraphs are incorporated as though fully set forth herein.

20. Upon information and belief, Defendants had knowledge of the ’885 patent at least as of July 8, 2016.

21. Upon information and belief, Defendants have been and are now infringing and inducing infringement of one or more claims of the ’885 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and offering to sell devices, including at least the Accused Products, and/or inducing the importation, use, offer for sale, and sale by others of such devices covered by one or more claims of the ’885 patent, all to the injury of Bridgestone. Further, after receiving notice of Bridgestone’s Complaint, Defendants have induced infringement, and continue to induce infringement, of one or more claims of the ’885 patent, with specific intent that their products be used by Defendants’ customers and installers to infringe the ’885 patent.

22. Upon information and belief, Defendants have infringed and continue to infringe Claims 12, 18, 24, 39, 41, 43, 83, and 92 of the ’885 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

23. For example, Defendants’ IntelliSens sensor infringes at least claim 12 of the ’885 patent. Claim 12, which depends from claim 1, recites:

> 12. The system of claim 1, wherein the devices is a tire tag.
>
> 1. A system for measuring a parameter of a device at a first location comprising:
>
> [a] a sensor for measuring the device parameter and generating a data signal representing the measured parameter;

> [b] a microprocessor coupled to the sensor for activating the sensor on a first periodic basis to measure the device parameter;
>
> [c] a memory in the microprocessor for storing the generated data signal representing the measured parameter;
>
> [d] a transmitter coupled to the microprocessor; and
>
> [e] a receiver coupled to the microprocessor,
>
> [f] the microprocessor periodically partially awakening to determine, on a second periodic basis, if a received transmission is a valid interrogation signal
>
> [g] and, if so, fully awakening and responding to the valid interrogation signal, via the transmitter, by at least transmitting the last stored measured parameter.

24. IntelliSens sensors are tire tags, or electronic tire tag system management devices that are used to measure, store and report tire pressure. *See* Ex 3, at 2.

25. IntelliSens sensors are located in a vehicle tire and measure tire pressure.




*Id.* at 2, 4.

26. IntelliSens sensors include a sensor for measuring tire pressure and temperature *Id.* at 1, 4 ("IntelliSens is fitted directly into the valve and measures the tire pressure and temperature from the inside of every tire."). Upon information and belief, IntelliSens sensors convert the measured tire pressure and/or temperature into digital signals using one or more



rlf1 17559340v.1

analog-to-digital converters. *See id.* at 4 ("This data is then displayed on the dashboard by a control unit."); Ex 4, at 4.

27. Upon information and belief, Intellisens sensors have a microprocessor for activating one or more sensors to take periodic measurements of tire temperature and pressure. *See* U.S. Patent Application No. 2016/0039253, at [0045]; Ex. 4, at 2. Microprocessors are standard components in TPMS sensors like the Intellisens, and provide the instructions necessary for the product to take pressure measurements at intervals of time. *See* Ex. 4, at 2, 4.

28. Upon information and belief, Intellisens sensors include a memory in the microprocessor for storing the measured tire pressure and/or temperature data. *See* U.S. Patent Application No. 2016/0039253, at Abstract (The microcontroller, transfers pressure measurement values acquired by the pressure sensor to a receiver by wireless communication. The sensor IC has an internal memory, in which executable instructions and data can be stored, which when executed, result in the acquisition and transference of the pressure measurement data."). Upon information and belief, once the Intellisens sensor takes a pressure measurement, it is stored as a data signal in memory prior to being transmitted to a receiver by wireless communication. *See id.*; Ex. 3, at 2, 4.

29. Intellisens sensors include a transmitter for transmitting temperature and air pressure data for a tire to a vehicle's central control unit. Ex. 3, at 2. The Huf Training Video shows the Intellisens sensors wirelessly transmitting information, including pressure data, to a hand-held tool. Upon information and belief, this transmitter is coupled to the microprocessor so as to enable the microprocessor to control the transmitter. *See* U.S. Patent Application No. 2016/0039253, at [0045].

30. Intellisens sensors are compatible with a wide variety of tools that are used to query, diagnose, and configure the sensors. *See* Ex. 5, at 3. Upon information and belief, in order to communicate with these tools, Intellisens sensors include a receiver coupled to the microprocessor. For example, the Huf Training Video shows Intellisens sensors receiving wireless communications from hand-held tools and responding.

31. Intellisens sensors include a "sleep mode" to prolong battery life. Ex. 6, at 1 ("Battery sleep mode to prolong battery life."); Ex. 7, at 1. Intellisens sensors are also configurable using hand-held tools such as the ATEQ VT55 and/or the Bartec 400 series. Ex. 6, at 1 ("Battery sleep mode to prolong battery life."); Ex. 7, at 1; Ex. 5, at 3; Huff Training Video. Upon information and belief, Intellisens sensors periodically awaken from this "sleep mode" to determine if they are receiving a valid interrogation signal from these tools. *See* Huff Training Video (showing Intellisens sensors receiving and responding to wireless or low frequency (LF) communications from hand-held tools). Upon information and belief, this periodic partial awakening is initiated by the microprocessor in the Intellisens sensors, and includes the starting of a low speed clock. *See* Huff Training Video; U.S. Patent Application No. 2016/0039253, at Abstract, [0045].

32. Intellisens sensors respond to a received LF signal by sending certain data, including pressure and temperature measurements. As shown in the Huf Training Video, Intellisens sensors generally respond to interrogation signals sent from a hand-held tool by transmitting data comprising at least a sensor ID and tire pressure measurements. *See* Huff Training Video. Furthermore, as shown in the Huf Training Video, IntelliSens sensors can be wirelessly configured to function like the OE TPMS sensor for a particular make and model of vehicle using a tool. Upon information and belief, IntelliSens sensors fully awaken in order to

transmit information by starting at least one high speed clock to drive a transmitter. *See* U.S. Patent Application No. 2016/0039253, at [0045]. IntelliSens sensors' transmitters can transmit at a frequency of 315 MHz or 433 MHz, depending on the model—thus, IntelliSens sensors require at least one high speed clock that runs at those frequencies. *See* Ex. 5, at 5-33; U.S. Patent Application No. 2016/0039253, at [0045]. Since leaving this high speed clock running at all times would waste power, it is believed that IntelliSens sensors start this high speed clock only when necessary—i.e., only when transmitting the last stored tire pressure information.

33. Defendants have known of their infringement of the '885 patent since no later than their July 8, 2016 receipt of the letter from Bridgestone dated July 7, 2016, providing Defendants with notice of infringement of the '885 patent. Upon information and belief, despite this knowledge and their evaluation of the '885 patent, Defendants have continued to infringe the '885 patent through the conduct described. Therefore, upon information and belief, Defendants knew or should have known of the '885 patent and of their own infringing acts, or deliberately took steps to avoid learning of those facts. Defendants' acts of infringement have injured and damaged Bridgestone, and such acts will continue to cause Bridgestone to suffer damages.

34. Defendants' infringement has caused irreparable injury to Bridgestone and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## COUNT II

35. The allegations of each of the proceeding paragraphs are incorporated as though fully set forth herein.

36. Upon information and belief, Defendants had knowledge of the '476 patent at least as of July 8, 2016.

37. Upon information and belief, Defendants have been and are now infringing and inducing infringement of one or more claims of the ’476 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and offering to sell devices, including at least the Accused Products, and/or inducing the importation, use, offer for sale, and sale by others of such devices covered by one or more claims of the ’476 patent, all to the injury of Bridgestone. Further, after receiving notice of Bridgestone’s Complaint, Defendants have induced infringement, and continue to induce infringement, of one or more claims of the ’476 patent, with specific intent that their products be used by Defendants’ customers and installers to infringe the ’476 patent.

38. Upon information and belief, Defendants have infringed and continue to infringe Claims 1, 14-15, and 136 of the ’476 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

39. For example, Defendants’ IntelliSens sensor infringes at least claim 1 of the ’476 patent. Claim 1 recites:

> 1. A system for measuring a parameter of a device comprising:
>
> [a] a sensor for measuring the device parameter and generating a data signal representing the measured parameter;
>
> [b] a microprocessor coupled to the sensor for activating the sensor on a first periodic basis to measure the device parameter;
>
> [c] a memory in the microprocessor for storing the generated data signal representing the measured parameter;
>
> [d] a transmitter coupled to the microprocessor; and
>
> [e] a receiver coupled to the microprocessor,
>
> [f] the microprocessor periodically partially awakening to determine, on a second periodic basis, if a received transmission is a valid interrogation signal and, if so,

[g] fully awakening and responding to the valid interrogation signal, via the transmitter, by at least transmitting the last stored measured parameter.

40. IntelliSens sensors are located in a vehicle tire and measure tire pressure.




**How IntelliSens works**
IntelliSens is fitted to the valve in the rim of the wheel. Each of the four sensors measures the temperature and air pressure separately for each tire, and then transmits this data via radio signal to the vehicle's central control unit.

A: Wheel electronics with valve
B: Control unit
C: Driver information system

Ex. 3, at 2, 4.

41. IntelliSens sensors include a sensor for measuring tire pressure and temperature *Id.* at 1, 4 ("IntelliSens is fitted directly into the valve and measures the tire pressure and temperature from the inside of every tire."). Upon information and belief, IntelliSens sensors convert the measured tire pressure and/or temperature into digital signals using one or more analog-to-digital converters. *See id.* at 4 ("This data is then displayed on the dashboard by a control unit."); Ex 4, at 4.

42. Upon information and belief, Intellisens sensors have a microprocessor for activating one or more sensors to take periodic measurements of tire temperature and pressure. *See* U.S. Patent Application No. 2016/0039253, [0045]; Ex. 4, at 2. Microprocessors are standard components in TPMS sensors like the Intellisens, and provide the instructions necessary for the sensor to take pressure measurements at intervals of time. *See* Ex. 4, at 2, 4.

43. Upon information and belief, Intellisens sensors include a memory in the microprocessor for storing the measured tire pressure and/or temperature data. *See* U.S. Patent

Application No. 2016/0039253, at Abstract (The microcontroller, transfers pressure measurement values acquired by the pressure sensor to a receiver by wireless communication. The sensor IC has an internal memory, in which executable instructions and data can be stored, which when executed, result in the acquisition and transference of the pressure measurement data."). Upon information and belief, once the Intellisens sensor takes a pressure measurement, it is stored as a data signal in memory prior to being transmitted to a receiver by wireless communication. *See id.*; Ex. 3, at 2, 4.

44. Intellisens sensors include a transmitter for transmitting temperature and air pressure data for a tire to a vehicle's central control unit. Ex. 3, at 2. The Huf Training Video shows the Intellisens sensors wirelessly transmitting information, including pressure data, to a hand-held tool. Upon information and belief, this transmitter is coupled to the microprocessor so as to enable the microprocessor to control the transmitter. *See* U.S. Patent Application No. 2016/0039253, at [0045].

45. Intellisens sensors are compatible with a wide variety of tools that are used to query, diagnose, and configure the sensors. *See* Ex. 5, at 3. Upon information and belief, in order to communicate with these tools, Intellisens sensors include a receiver coupled to the microprocessor. For example, the Huf Training Video shows Intellisens sensors receiving wireless communications from hand-held tools and responding.

46. Intellisens sensors include a "sleep mode" to prolong battery life. Ex. 6, at 1 ("Battery sleep mode to prolong battery life."); Ex. 7, at 1. Intellisens sensors are also configurable using hand-held tools such as the ATEQ VT55 and/or the Bartec 400 series. Ex. 6, at 1 ("Battery sleep mode to prolong battery life."); Ex. 7, at 1; Ex. 5, at 3; Huff Training Video. Upon information and belief, Intellisens sensors periodically awaken from this "sleep mode" to

determine if they are receiving a valid interrogation signal from these tools. *See* Huff Training Video (showing Intellisens sensors receiving and responding to wireless or low frequency (LF) communications from hand-held tools). Upon information and belief, this periodic partial awakening is initiated by the microprocessor in the Intellisens sensors, and includes the starting of a low speed clock. *See* Huff Training Video; U.S. Patent Application No. 2016/0039253, at Abstract, [0045].

47. Intellisens sensors respond to a received LF signal by sending certain data, including pressure and temperature measurements. As shown in the Huf Training Video, Intellisens sensors generally respond to interrogation signals sent from a hand-held tool by transmitting data comprising at least a sensor ID and tire pressure measurements. Furthermore, as shown in the Huf Training Video, IntelliSens sensors can be wirelessly configured to function like the OE TPMS sensor for a particular make and model of vehicle using a tool. Upon information and belief, IntelliSens sensors fully awaken in order to transmit information by starting at least one high speed clock to drive a transmitter. *See* U.S. Patent Application No. 2016/0039253, at [0045]. IntelliSens sensors' transmitters can transmit at a frequency of 315 MHz or 433 MHz, depending on the model—thus, IntelliSens sensors require at least one high speed clock that runs at those frequencies. *See* U.S. Patent Application No. 2016/0039253, at [0045]; Ex. 5, Huf TPMS Product Mix, at 5-33. Since leaving this high speed clock running at all times would waste power, it is believed that IntelliSens sensors start this high speed clock only when necessary—i.e., only when transmitting the last stored tire pressure information.

48. Defendants have known of their infringement of the '476 patent since no later than their July 8, 2016 receipt of the letter from Bridgestone dated July 7, 2016, providing Defendants with notice of infringement of the '476 patent. Upon information and belief, despite

this knowledge and their evaluation of the ’476 patent, Defendants have continued to infringe the ‘476 patent through the conduct described. Therefore, upon information and belief, Defendants knew or should have known of the ’476 patent and of their own infringing acts, or deliberately took steps to avoid learning of those facts. Defendants’ acts of infringement have injured and damaged Bridgestone, and such acts will continue to cause Bridgestone to suffer damages.

49. Defendants’ infringement has caused irreparable injury to Bridgestone and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief:

(a) judgment against Defendants as to infringement of the ’885 patent, either directly and/or indirectly by way of inducing infringement of the ’885 patent;

(b) judgment against Defendants as to infringement of the ’476 patent, either directly and/or indirectly by way of inducing infringement of the ’476 patent;

(c) a permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and customers and those in active concert or participation with any of them, from making, using, importing, offering to sell, or selling any devices that infringe or contribute to the infringement of any claim of the Asserted Patents, or from inducing others to infringe any claim of the Asserted Patents;

(d) judgment against Defendants for money damages adequate to compensate Bridgestone for Defendants’ infringement of the Asserted Patents, pre-judgment interest and post-judgment interest as allowed by law, costs, and other damages permitted under 35 U.S.C. § 284;

(e) judgment against Defendants that Defendants' infringement has been willful and an increase in the damages awarded to Bridgestone to three times the amount pursuant to 35 U.S.C. § 284;

(f) an award of a compulsory ongoing licensing fee to compensate for any future acts of infringement by Defendants;

(g) an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(h) a declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of Bridgestone's costs and reasonable attorneys' fees incurred in connection with this action; and

(i) such other and further relief as this Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Plaintiff Bridgestone Americas Tire Operations, LLC*

OF COUNSEL:

Tara D. Elliott
Wilmer Cutler Pickering
Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6748

Dated: May 16, 2017